**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARLENE M. MILLER,<br>and ROES 1 through 5,000,<br><br>            Plaintiffs,<br><br>      v.<br><br>BANK OF AMERICA; CONTRYWIDE<br>HOME LOAN SERVICER, LP;<br>RECONTRUST COMPANY; FEDERAL<br>NATIONAL MORTGAGE<br>ASSOCIATION; POWER HOUSE<br>REALITY; and DOES 1 through 100,<br><br>            Defendants. | 1:11-CV-1775 AWI GSA<br><br>ORDER DENYING<br>PLAINTIFFS' REQUEST FOR<br>TEMPORARY RESTRAINING<br>ORDER AND ORDER TO<br>SHOW CAUSE |

      This is an action for damages, declaratory relief and injunctive relief arising from the foreclosure by defendants Bank of America, et al. ("Defendants") on property securing a loan by plaintiff Darlene M. Miller and her husband (hereinafter, "Miller") located in Turlock, California (the "Property"). Currently before the court is an *ex parte* request for temporary restraining order ("TRO") by Plaintiff to prevent imminent eviction from her home by defendant Power House Reality. Miller contends that jurisdiction over this action exists pursuant to 28 U.S.C. § 1331. For the reasons that follow, the court will find that Miller presumptively lacks standing to bring this action and will order Plaintiff to show cause why jurisdiction over this action should be maintained in this court.

Miller's 67-page complaint becomes more impenetrable with each reading but sufficient facts can be gleaned to determine the probable status of Plaintiff's action. On or about September 19, 2006, the Millers took out what appears to be a re-finance loan (the "Loan") in the sum of $281,600.00 on the Property and executed a promissory note and deed of trust in favor of Country Wide Home Loan Servicing. Doc. # 1 ¶¶ 69 and 70. On or about June 2010 the Loan became delinquent. Although Miller engaged a law firm to obtain a loan modification, a notice of foreclosure was filed on March 28, 2011. Id. at § 80. On April 11, 2011, Defendant Recontrust Company recorded a Trustee's Deed Upon Sale in favor of Defendant Federal National Mortgage Association reflecting the sale of the foreclosed Property. On September 23, 2011, Miller filed for bankruptcy under Chapter 7 of the Bankruptcy Code in the Modesto branch Bankruptcy Court in case number 11-93375.

The automatic bankruptcy stay applies to actions "brought against the debtor." 11 U.S.C. § 362(a). The automatice stay provisions do not apply to lawsuits brought by the debtor. See Snavely v. Miller, 397 F.3d 726, 729 (9th Cir. 2005). However, once a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy. See DePomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); Basilio v. TDR Servicing, 2009 U.S. LEXIS 120583 (E.D. Cal. Dec. 29, 2009). The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets. Those assets include any causes of action belonging to the debtor that accrued prior to the filing of bankruptcy. DePomar, 2010 U.S. Dist. LEXIS 143216.

Since the underlying claims in this case attack the validity of the foreclosure and Trustee's sale of the property, those claims accrued not later that the date of the Trustee's sale, which was on or before April 11, 2011; well before Miller's bankruptcy filing. Because the claims asserted in Miller's action accrued before the bankruptcy filing, the claims now belong to the bankruptcy estate, not to Miller. The trustee of Miller's bankruptcy estate is

currently the real party in interest and the only person who may bring an action on behalf of the estate. The court concludes Miller presumptively lacks standing to bring the action that was filed in this court on October 25, 2011. Prior to dismissal of this action for lack of jurisdiction, the court will require the parties to brief the issue of Miller's standing. Because it appears to the court that the underlying case must ultimately be dismissed because Miller is not the real party in interest, Miller's request for temporary restraining order will be denied.

As something of an aside, the court questions whether Miller's request for temporary restraining order is proper in this court in any event, given that the action Miller seeks to prevent – her eviction – is probably a proceeding now before the Stanislaus County Superior Court, not this court.

Pursuant to the foregoing discussion, it is hereby ORDERED that:

1. Miller shall file and serve a brief showing cause why this court should not dismiss the instant action for lack of jurisdiction because Miller is not the real party in interest in light of her bankruptcy filing and therefore lacks standing. Miller's brief showing cause shall be filed and served not later than fourteen (14) days from the date of service of this order.

2. Not later than twenty-one (21) days from the date of this order defendant Bank of America shall file a response to Miller's brief. If Miller does not file a brief in the allotted period of time, Defendant Bank of America shall so notify the court and shall request dismissal of this action.

3. Miller's *ex parte* request for temporary restraining order is hereby DENIED.

IT IS SO ORDERED.

Dated:   October 28, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE