IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARLENE M. MILLER, and ROES 1 through 5,000,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA; CONTRYWIDE HOME LOAN SERVICER, LP; RECONTRUST COMPANY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; POWER HOUSE REALITY; and DOES 1 through 100,<br><br>Defendants. | 1:11-CV-1775 AWI GSA<br><br>ORDER DENYING PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE |

In this action by plaintiff Darlene Miller ("Plaintiff") against defendants Bank of America, et al. (collectively "Defendants") the court issued an Order to Show Cause on October 28, 2011, why Plaintiff's action should not be dismissed for lack of proper party plaintiff (hereinafter, the "October 28 OSC"). In its October 28 OSC, the court observed:

> [O]nce a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy. See DePomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); Basilio v. TDR Servicing, 2009 U.S. LEXIS 120583 (E.D. Cal. Dec. 29, 2009). The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets. Those assets include any causes of action belonging to the debtor that accrued prior to the filing of bankruptcy. DePomar, 2010 U.S. Dist. LEXIS 143216.

Doc. # 9 at 2:15-23.

    The court's October 28 OSC reflected the court's understanding that Plaintiff had filed a Chapter 7 bankruptcy action in the Modesto branch of the United States Bankruptcy Court in case number 11-93375 on September 23, 2011.  Based on the result of Defendants' PACER search for Plaintiff's bankruptcy filings, it appears the court was incorrectly informed that Plaintiff's bankruptcy filing was pursuant to Chapter 13 of the Bankruptcy Code, not Chapter 7.  The court finds that the error does not substantially change the requirement that an action involving the property of a bankruptcy estate must be brought on behalf of the estate either through, or concurrently with, the trustee of the estate.  See Fed. R. Bankr.P. 6009 (although a Chapter 13 debtor has standing to sue in her own name, such standing is concurrent with that of the trustee in bankruptcy, and any such suit must necessarily be on behalf of the bankruptcy estate).

    The court's October 28 OSC placed the burden on Plaintiff to show she was entitled to proceed without permission of the Bankruptcy Court or participation of the bankruptcy trustee.  Plaintiff has failed to respond to the court's October 28 OSC.  On November 15, 2011, Defendants filed motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants provided PACER documentation that Plaintiff's Chapter 13 bankruptcy petition had been filed on the date noted and had not been discharged as of the date of the PACER search.  Defendants did not address the requirement for permission of the Bankruptcy Court or participation of the bankruptcy trustee.

    The court concludes that Plaintiff has failed to carry her burden to show that she is entitled to proceed with this action in the absence of permission of the Bankruptcy Court or participation of the bankruptcy trustee and has thereby disobeyed an order of the court.  The court also notes Plaintiff has not responded to Defendants' motions to dismiss or requested continuation of time to do so.  The court finds dismissal is appropriate.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order).

THEREFORE, in consideration of the foregoing, it is hereby ORDERED that Plaintiff's complaint in this action is hereby DISMISSED in its entirety as to all Defendants. Leave to amend is not granted. The clerk of the court shall CLOSE the CASE.

IT IS SO ORDERED.

Dated:     January 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE

3